CRESCENT PARK TENANTS ASSOCIATION, INC., A NEW JER-
SEY NON-PROFIT CORPORATION, AND SAMUEL KLEIN,
PLAINTIFFS-RESPONDENTS, v. CRESCENT PARK ASSOCI-
ATES, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 6, 1986—Decided January 28, 1986.

Before Judges MORTON I. GREENBERG and HAVEY.

*Michael Pesce* argued the cause for appellant (*Brach, Eichler, Rosenberg, Silver, Bernstein, Hammer & Gladstone,* attorneys; *Alan R. Hammer* and *Michael Pesce* of counsel; *Michael Pesce* on the brief).

*Harlan L. Schlossberg* argued the cause for respondent (*Harrison & Schlossberg,* attorneys; *Harlan L. Schlossberg* of counsel and on the brief).

The opinion of the court was delivered by

HAVEY, J.A.D.

In this rent control case defendant landlord appeals from summary judgment in favor of plaintiff tenants which compels defendant to rebate to plaintiffs tax reductions defendant had received as a result of successful tax appeals for the tax years 1978 and 1981. Relying upon *Parsippany Hills Assoc. v. Rent Leveling Board,* 194 *N.J.Super.* 34 (App.Div.1984), the trial court concluded that repeal of the tax surcharge provision of the East Orange rent control ordinance did not relieve defendant from its obligation to rebate tax reductions under the rebate provision of the ordinance. We reverse. We hold that the ordinance is intended to permit tax rebates to tenants only if a landlord's tax reduction results in a decrease in taxes from the prior year.

Defendant is a limited partnership which owns a 19-story apartment building consisting of approximately 260 residential apartments in the City of East Orange commonly known as Crescent Park. Plaintiff Crescent Park Tenants Association, Inc., consists of tenants residing in the apartment building. Plaintiff Klein is an individual tenant. The building is subject to the East Orange rent control ordinance adopted in July 1975. The ordinance created a rent control board and empowered the

board to make "judicial determinations" of applications by tenants as to "probable violations of [the] ordinance." It allows landlords 6% annual cost of living rental increases as well as the right to apply for capital expenditure and hardship increases.

Originally, the ordinance included both a tax surcharge and tax rebate provision. The tax surcharge provision permitted a landlord to pass increases in real estate taxes to tenants on a *pro rata* basis. The tax rebate clause provided:

> In the event a tax appeal is taken by the landlord and the landlord is successful in said appeal and the taxes reduced, the tenant shall receive fifty percent (50%) of said reduction as applied to its tax portion, after deducting all expenses incurred by landlord in prosecuting said appeal only with respect to the year in which the tax appeal was taken and relief granted for taxes paid after March 7, 1973.

In 1977 the tax surcharge provision was repealed. The tax rebate provision, however, remained intact.

In 1977 defendant paid $265,791 in real estate property taxes. Defendant's taxes for 1978 increased to $312,087 because of a substantially higher assessment. Defendant's appeal to the Essex County Board of Taxation resulted in a tax reduction to $279,526. For the year 1980 defendant's taxes were $282,274. Its 1981 taxes increased to $396,000. Defendant again appealed and defendant's taxes were reduced to $302,192. In this action, plaintiffs seek to recover a share of defendant's tax reductions for 1978 and 1981 under the tax rebate provision of the ordinance.

On appeal defendant contends that plaintiffs' complaint should be dismissed because of their failure to exhaust administrative remedies before the rent leveling board and because their action is time-barred by the statute of limitation contained in the ordinance. They also argue that the rebate provision was impliedly repealed with the surcharge provision; that no tax rebates are owed if there has been no tax surcharges; that a rebate is required only when the tax actually paid by a landlord exceeds the tax paid in a prior year, and that the

ordinance may not constitutionally compel a rebate in the absence of a surcharge mechanism.

■ Inasmuch as both parties agree that the issue before us is essentially legal in nature, we conclude that the denial of defendant's motion to dismiss the complaint for failure to exhaust administrative remedies was not error. *See N.J. Civil Service Ass'n v. State*, 88 *N.J.* 605, 613 (1982); *Brunetti v. Borough of New Milford*, 68 *N.J.* 576, 588 (1975).

■ We are satisfied that the tax rebate provision must be read as intending to require rebates only if the landlord's tax reduction for the current year results in a lower tax obligation than existed in the prior taxable year. When East Orange eliminated the tax surcharge, it made no provision for permitting tax increases to be added to the base rent. Even after defendant's successful tax appeals, its 1978 taxes increased by $13,735 over the taxes for 1977 and its 1981 taxes by $19,918 over the tax year for 1980. Thus, without a mechanism allowing for a passing on of these increases, defendant was compelled to absorb the increases as part of its cost of doing business. We cannot conceive that the ordinance is intended to permit a rent reduction when a landlord's actual tax expense has increased over that of the preceding year. Such a result compels the landlord to pass on to tenants a benefit it simply never received. It allows a tenant to enjoy a windfall of reduced rent in the face of the landlord's unquestioned increase in cost of operation.

Moreover, defendant is limited under the ordinance to an annual 6% cost of living increase. It is apparent that the ordinance envisioned an average increase in annual expenses, including taxes, of 6%, thus allowing a landlord's profit margin to remain constant. Here, defendant's tax appeal reduced the tax increase for 1978 to 5% over 1977, and for 1981 to 7% over 1980. Both increases approximated the 6% level allowed by the ordinance. Compelling rebates for the tax reductions would inflate this expense well above the 6% level, a result we view as

completely inconsistent with the purpose and intent of the ordinance.

*Parsippany Hills Assoc. v. Rent Leveling Board, supra,* 194 *N.J.Super.* 34, upon which the trial court relied, upheld rebates for 1977, 1978 and 1979 to tenants under the municipality's rent leveling ordinance notwithstanding the repeal of the ordinance's surcharge provision. It rejected the landlord's contention that the rebate provision had been impliedly repealed as well as its argument that a rebate could not be given unless the tenant had paid a surcharge. But in *Parsippany* the landlord's taxes for the applicable years had been *reduced* compared to the base year of 1976 because of a reduction in their assessments and an appropriation of money to the municipality under the Property Tax Relief Fund, *N.J.S.A.* 54A:9–25. Rebates were therefore owed to tenants pursuant to both the Tenants Property Tax Rebate Act, *N.J.S.A.* 54:4–6.2 *et seq.* and the municipality's rent leveling ordinance. Since the taxes had not increased in the years in question, *Parsippany* did not address the question before us and thus is not dispositive.

In view of our determination, defendant's remaining issues are moot and we need not address them.

The order for summary judgment is reversed.