CRESCENT PARK TENANTS ASSOC., INC., A NEW JERSEY NON-PROFIT CORPORATION AND SAMUEL KLEIN, PLAINTIFFS-APPELLANTS, v. CRESCENT PARK ASSOCIATES, A NEW JERSEY LIMITED PARTNERSHIP, DEFENDANT-RESPONDENT.

Argued October 20, 1986—Decided May 18, 1987.

*Harlan L. Schlossberg* argued the cause for appellants (*Harrison & Schlossberg*, attorneys; *Harlan L. Schlossberg* and *Michael Harrison*, of counsel).

*Michael Pesce* argued the cause for respondent (*Brach, Eichler, Rosenberg, Silver, Bernstein, Hammer & Gladstone*, attorneys; *Michael Pesce* and *Alan R. Hammer*, of counsel).

PER CURIAM.

This appeal arises from the plaintiff tenants' attempt to recover, pursuant to the East Orange rent-leveling ordinance, a share of the defendant landlord's tax appeal reduction proceeds. Defendant landlord paid but appealed its real estate taxes of $312,087.60 for 1978 and $396,000 for 1981; as a result of these appeals, its taxes were reduced by $32,561.00 for 1978 and $93,808.00 for 1981. Plaintiffs filed suit seeking recovery under section 2:38–15 of the East Orange rent-leveling ordinance, which provides:

> In the event a tax appeal is taken by the landlord and the landlord is successfu! in said appeal and the taxes reduced, the tenant shall receive fifty percent (50%) of said reduction as applied to its tax portion, after deducting all expenses incurred by the landlord in prosecuting said appeal....

As originally adopted in 1975, the ordinance contained a tax surcharge provision, which allowed landlords to pass through to tenants tax increases over the prior year. This provision was repealed in 1977, without, however, any change in the tax rebate provision; accordingly, defendant landlord did not collect

in the form of increased rents any tax surcharges in 1978 or 1981, the years at issue.[1]

The trial court, relying on *Parsippany Hills Assoc. v. Rent Leveling Bd. of the Township of Parsippany-Troy Hills*, 194 *N.J.Super.* 34 (App.Div.), certif. denied, 97 *N.J.* 643 (1984), granted summary judgment in favor of the plaintiffs. In *Parsippany*, the Appellate Division had ruled that the excision from the rent-leveling ordinance of a tax increase surcharge provision did not invalidate the ordinance's corresponding tax reduction rebate provision, and, consequently, tenants could obtain a rent reduction paralleling any tax reduction obtained by the landlord even without an antecedent tax surcharge. The trial court here ruled that this case was "on all fours" with *Parsippany*, and granted summary judgment. The Appellate Division reversed, distinguishing the *Parsippany* decision. The Appellate Division stressed that in *Parsippany*, as a result of the reassessment, the tax burden of the landlord was actually reduced relative to the prior years, and, therefore, a reduction of rent for those years, paralleling the landlord's reduced tax burden, was appropriate; in this case, however, the tax appeal reductions still resulted in higher taxes relative to the taxes for years prior to the overassessments (1977 and 1980), and thus reduced only the amount of the tax increase. Accordingly, the Appellate Division held, here, that there was simply no benefit to pass through to the tenants. *Crescent Park Tenants v. Crescent Park Assoc.*, 208 *N.J.Super.* 27, 30 (1986).

 We affirm the reversal of summary judgment in this case. We agree that, on the record before us, a tax reduction that results nonetheless in increased taxes relative to the prior year should not result in a rebate, in the absence of evidence

---

[1]Annual increases in rent are limited under the ordinance to 6%, but the ordinance does provide for hardship rental increases.

that rental rates reflected the overassessment, and in the presence of evidence indicating that rental rates could not reflect the overassessment. We note, however, that the Appellate Division may have expressed its conclusion too broadly in stating that the tax appeal reduction rebate provision is triggered *"only* if the landlord's tax reduction for the current year results in a lower tax obligation than existed in the prior taxable year." 208 *N.J.Super.* at 30 (emphasis added). The focus should be not only on whether the *landlord's* taxes were reduced relative to either the overassessment or the prior year's taxes, but on the extent to which the *tenants* were forced to absorb, in rental and/or hardship increases, a tax burden paralleling the landlord's increased taxes that is heavier than the landlord's post-appeal tax burden.[2]

As amplified herein, we are in accord with the determination of the court below and affirm substantially for the reasons expressed in its opinion.

*For affirmance*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.

---

[2]We note that, as plaintiffs point out, the defendant applied for and received a hardship rental increase of 15% in 1982, in addition to the annual 6% allowable increase. This 21% increase, according to defendant, became part of the permanent base rent. The record before us is inconclusive, however, on the question of whether this increase was in response to the increased tax burden of 1981. Plaintiffs cite this increase, moreover, not by way of arguing that they bore the brunt of the overassessment, but in the context of arguing that the injustice caused by allowing rebates even where the tenants have not borne an extra tax burden can be cured by resort to hardship increases.